THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RHETT E. TAYLOR and LAURIE D. TAYLOR, <br><br> Plaintiffs, <br><br> v. <br><br> PNC BANK, NATIONAL ASSOCIATION, <br><br> Defendant. | CASE NO. C19-1142-JCC <br><br> ORDER |

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 8). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiffs are the record owners of real property located at 6228 165th Pl. SW, Lynnwood, WA 98037-2725 (the "property"). (Dkt. No. 1 at 2.) On March 6, 2007, Plaintiffs borrowed $150,000 from National City Bank on a home equity line of credit (the "HELOC loan"). (*Id.*) Plaintiffs executed an equity reserve agreement and a deed of trust that was recorded against the property. (*Id.* at 2–3; *see* Dkt. Nos. 1-3 at 2–7, 1-4 at 2–8.) The equity reserve agreement reflected an "open-end line of credit" whose "total amount will be required to be repaid in two hundred forty (240) equal monthly payments . . . ." (Dkt. No. 1-3 at 2, 4.) The deed

of trust established a lien against the property and had a maturity date of March 6, 2037. (Dkt. No. 1-4 at 2–3.) The listed events of default under the deed of trust included fraud, failure to make a timely payment, and Plaintiffs taking any action or inaction adversely affecting the property or Defendant's rights in the property. (*Id*. at 5.) Under the deed of trust, Defendant's remedies for an event of default included acceleration of the debt and foreclosure of the property. (*Id*.) The HELOC loan is currently owned by Defendant and had a balance of $152,885.47 on June 11, 2019. (Dkt. No. 1 at 3.)

On February 11, 2011, Plaintiffs filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Western District of Washington. (*Id*.) On May 23, 2011, the bankruptcy court granted Plaintiffs a discharge pursuant to 11 U.S.C. §§ 727. (*Id*.; *see* Dkt. No. 1-5 at 2.) On July 23, 2019, Plaintiffs filed their complaint in this action seeking to quiet title to the property. (Dkt. No. 1.) Plaintiffs contend that Washington's six-year statute of limitations on actions to enforce promissory notes and accompanying deeds of trust has run on the HELOC loan following the bankruptcy court's discharge in May 2011, and therefore they are entitled to quiet title against Defendant. (*Id*. at 3–4.) Defendant moves to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 8.)

## II. DISCUSSION

### A. Motion to Dismiss Legal Standard

The Court may dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. In addition, the complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

**B.   Statute of Limitations under Washington Law**

Under Washington law, a promissory note and deed of trust are written contracts that are subject to a six-year statute of limitations. *See* Wash. Rev. Code § 4.16.040(1); *Cedar W. Owners Ass'n v. Nationstar Mortg., LLC*, 434 P.3d 554, 559 (Wash. Ct. App. 2019). An action "can only be commenced" within six years "after the cause of action has accrued." Wash. Rev. Code § 4.16.005. The six-year statute of limitations on a deed of trust accrues "when the party is entitled to enforce the obligations of the note." *Wash. Fed., Nat'l Ass'n v. Azure Chelan LLC*, 382 P.3d 20, 30 (Wash. Ct. App. 2016).

When a promissory note and deed of trust are payable in installments, the six-year statute of limitations accrues for each monthly installment from the time it becomes due. *Edmundson v. Bank of America, N.A.*, 378 P.3d 272, 277 (Wash. Ct. App. 2016) (citing *Herzog v. Herzog*, 161 P.2d 142, 145 (Wash. 1945)). In *Edmundson*, the Washington State Court of Appeals ruled that the six-year statute of limitations period for enforcing a deed of trust payable in installments begins to accrue on each date that a borrower defaults on a payment until the borrowers' personal liability is discharged in a bankruptcy proceeding, as after that point no future installment payments will be due. 378 P.3d at 278. Washington and federal courts have since followed the legal rule announced in *Edmundson*. *See Jarvis v. Fed. Nat'l Mortg. Ass'n*, 726 F. App'x 666, 667 (9th Cir. 2018) ("The final six-year period to foreclose runs from the time the final installment becomes due . . . [which] may occur upon the last installment due before discharge of the borrower's personal liability on the associated note"), *aff'ing Jarvis v. Fed. Nat'l Mortg. Ass'n*, Case No. C16-5194-RBL (W.D. Wash. 2017); *U.S. Bank NA v. Kendall*, 2019 WL 2750171, slip op. at 4 (Wash. Ct. App. 2019) (noting that although a deed of trust's lien is not discharged in bankruptcy, the limitations period for an enforcement action nonetheless "accrues and begins to run when the last payment was due" prior to discharge); *Hernandez v. Franklin Credit Mgmt. Corp. et al.*, Case No. C19-0207-JCC, Dkt. No. 14 (W.D. Wash. 2019) (applying *Edmundson* to conclude that creditors' ability to enforce the underlying deed of trust became

time-barred six years after "the last date an installment payment was due prior to" bankruptcy discharge).[1]

The equity reserve agreement and accompanying deed of trust were installment contracts requiring Plaintiffs to make monthly payments to service the HELOC loan. (*See* Dkt. Nos. 1-3, 1-4.) Plaintiffs received a Chapter 7 bankruptcy discharge on May 23, 2011. (Dkt. No. 1 at 3.) Therefore, the statute of limitations on Defendant's ability to enforce the deed of trust began to accrue on the last date an installment payment was due prior to the discharge. *See Edmundson*, 378 P.3d at 278.[2] Defendant has not established that it took any actions following the discharge that could have tolled the six-year statute of limitations under Wash. Rev. Code § 4.16.040(1); (*see* Dkt. Nos. 8 at 2–3, 12 at 2–3). Therefore, as Plaintiffs' discharge occurred beyond the six-year statute of limitations imposed by Wash. Rev. Code § 4.16.040(1), Defendant has not established that Plaintiffs' complaint to quiet title in the property fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *Zixiang*, 710 F.3d at 999.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 8) is DENIED.

//

//

---

[1] Defendant argues that the Court should decline to follow the reasoning in *Edmundson*, *Jarvis*, and *Kendall* because those "courts' consideration of the effect of a discharge on a statute of limitations is incomplete and unpersuasive." (Dkt. No. 8 at 6.) The Court declines Defendant's invitation to ignore preceding case law, including that of the Ninth Circuit.

Defendant also argues that this case is factually distinguishable from *Hernandez* and asks the Court to reconsider its prior interpretation of *Edmundson*. (*See* Dkt. No. 12 at 2–3, 5–6.) Defendant's attempts to distinguish this case from *Hernandez* are unavailing, and the Court will not revisit its prior analysis of *Edmundson*.

[2] Neither party has specified when Plaintiffs' last installment payment prior to the discharge was due to Defendant. (*See* Dkt. Nos. 1 at 2–3, 8 at 2–3.) However, more than six years have passed since Plaintiffs' discharge on May 23, 2011, and thus any installment payments due prior to that date must fall outside of the six-year statute of limitations. *See* Wash. Rev. Code § 4.16.040(1).

DATED this 26th day of September 2019.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE