THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RHETT E. TAYLOR AND LAURIE D. TAYLOR,<br><br>                  Plaintiff,<br><br>   v.<br><br>PNC BANK, NATIONAL ASSOCIATION,<br><br>                  Defendant. | No. 2:19-cv-01142-JCC<br><br>DEFENDANT PNC BANK, NATIONAL ASSOCIATION'S AMENDED ANSWER TO PLAINTIFFS' AMENDED COMPLAINT |

Defendant PNC Bank, National Association ("Defendant" or "PNC"), for its answer to the Amended Complaint ("AC") filed by Rhett E. Taylor and Laurie D. Taylor ("Plaintiffs"), states as follows:

**I.    PARTIES, JURISDICTION AND VENUE**

1. The allegations in paragraph 1 of the AC consist of legal conclusions and not factual assertions, and therefore, do not require a response. To the extent a response is deemed warranted, PNC admits the matter in controversy exceeds the sum or value of $75,000. PNC lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 1 of the AC, and therefore denies the same

2. PNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the AC, and therefore denies the same.

ANSWER TO AMENDED COMPLAINT
(No. 2:19-cv-01142-JCC) – 1

**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Phone: 415.344.7000
Fax: 415.344.7050

3. The allegations in paragraph 3 of the AC consist of legal conclusions and not factual assertions, and therefore, do not require a response. To the extent a response is deemed warranted, PNC admits that it is organized and existing under the laws of The United States and has its principal place of business in Pennsylvania and home office in Delaware. PNC is unable to understand any remaining allegations in paragraph 3 of the AC and therefore denies the same.

4. The allegations in paragraph 4 of the AC consist of legal conclusions and not factual assertions, and therefore, do not require a response. To the extent a response is deemed warranted, PNC admits the Court has personal jurisdiction. PNC lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 4 of the AC, and therefore denies the same.

5. The allegations in paragraph 5 of the AC consist of legal conclusions and not factual assertions, and therefore, do not require a response. To the extent a response is deemed warranted, PNC admits the deed of trust secures a loan of at least $152,885.47. Answering further, the AC speaks for itself. No response to Plaintiffs' descriptions, characterizations or interpretations is required. PNC lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 5 of the AC, and therefore denies the same.

6. The allegations in paragraph 6 of the AC consist of legal conclusions and not factual assertions, and therefore, do not require a response.

7. The allegations in paragraph 7 of the AC consist of legal conclusions and not factual assertions, and therefore, do not require a response. To the extent a response is deemed warranted, PNC admits the allegations in paragraph 7 of the AC.

## II. FACTS

**A. The HELOC Loan**

8. PNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the AC, and therefore denies the same.

9. Exhibits A and B speaks for themselves. No response to Plaintiffs' descriptions,

ANSWER TO AMENDED COMPLAINT
(No. 2:19-cv-01142-JCC) – 2

**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Phone: 415.344.7000
Fax: 415.344.7050

characterizations or interpretations is required. To the extent a response is deemed warranted, PNC admits that Plaintiffs borrowed $150,000.00 from National City Bank on a home equity line of credit on March 6, 2007, but denies that paragraph 9 of the AC fully and accurately describes the contents or substance of the loan documents and refers Plaintiffs and the Court to the loan documents for their full and complete terms. Except as expressly admitted, PNC denies any remaining allegations in paragraph 9.

    10.    PNC admits the allegations in paragraph 10 of the AC.

    11.    PNC admits the allegations in paragraph 11 of the AC.

**B.    The Plaintiffs' Bankruptcy Filing**

    12.    PNC admits the allegations in paragraph 12 of the AC.

    13.    PNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the AC, and therefore denies the same.

    14.    Exhibit C speaks for itself. No response to Plaintiffs' descriptions, characterizations or interpretations is required. To the extent a response is deemed warranted, PNC admits that Plaintiffs received a discharge pursuant to 11 U.S.C. § 727 from the bankruptcy court on May 25, 2011 and the case closed on May 31, 2011, but denies that paragraph 14 of the AC fully and accurately describes the contents or substance of the bankruptcy and discharge and refers Plaintiffs and the Court to the bankruptcy docket and documents for their full and complete terms. Except as expressly admitted, PNC denies any remaining allegations in paragraph 14.

### III.    CAUSES OF ACTION

    15.    PNC incorporates its responses to the preceding paragraphs of the AC as if fully set forth herein.

**A.    COUNT ONE: QUIET TITLE**

    16.    The allegations in paragraph 16 of the AC consist of legal conclusions and not factual assertions, and therefore, do not require a response.

    17.    The allegations in paragraph 17 of the AC consist of legal conclusions and not

**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Phone: 415.344.7000
Fax: 415.344.7050

factual assertions, and therefore, do not require a response. To the extent a response is deemed warranted, PNC denies the allegations in paragraph 17 of the AC.

18. The allegations in paragraph 18 of the AC consist of legal conclusions and not factual assertions, and therefore, do not require a response. To the extent a response is deemed warranted, PNC denies the allegations in paragraph 18 of the AC.

19. The allegations in paragraph 19 of the AC consist of legal conclusions and not factual assertions, and therefore, do not require a response. To the extent a response is deemed warranted, PNC denies the allegations in paragraph 19 of the AC.

## IV. ATTORNEYS FEES

20. The allegations in paragraph 20 of the AC consist of legal conclusions and not factual assertions, and therefore, do not require a response. To the extent a response is deemed warranted, PNC denies the allegations in paragraph 19 of the AC.

## **AFFIRMATIVE DEFENSES**

In further response to the Complaint and as affirmative defenses, PNC alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient to Constitute a Cause of Action)

The AC, and each and every cause of action alleged therein, fails to state facts that, if proven, are sufficient to constitute a cause of action upon which the requested relief may be granted against PNC.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

PNC is informed and believes, and there upon alleges, that Plaintiffs' demand for relief in the AC is barred, in whole or in part, because of Plaintiffs' failure to act reasonably to mitigate their alleged damages.

### THIRD AFFIRMATIVE DEFENSE

(No Causation)

ANSWER TO AMENDED COMPLAINT
(No. 2:19-cv-01142-JCC) – 4

**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Phone: 415.344.7000
Fax: 415.344.7050

PNC is informed and believes, and there upon alleges, that if Plaintiffs suffered any damage or injury, such damage or injury was not caused by any acts or omissions of PNC.

### FOURTH AFFIRMATIVE DEFENSE

(Good Faith)

The AC, and each and every cause of action alleged therein, is barred because PNC acted at all times in good faith and with good cause. PNC's conduct was within the reasonable expectations of the parties, and PNC at no time acted so as to deprive Plaintiffs of any rights or to cause Plaintiffs the injuries described in the AC, if any exist.

### FIFTH AFFIRMATIVE DEFENSE

(No Damages)

PNC is informed and believes, and there upon alleges, that any recovery based on the allegations in the AC will not result in a recovery of damages.

### SIXTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

PNC is informed and believes, and there upon alleges, that Plaintiffs would be unjustly enriched if allowed to recover or otherwise obtain the relief sought.

### SEVENTH AFFIRMATIVE DEFENSE

(No Acceleration)

PNC is informed and believes, and there upon alleges, that Plaintiffs' demand for relief in the AC is barred, in whole or in part, because the loan at issue in the AC was never accelerated.

### EIGHTH AFFIRMATIVE DEFENSE

(Unstated Affirmative Defenses)

PNC reserves the right to amend this answer and these affirmative defenses in the event that facts are discovered that support one or more unstated affirmative defenses.

WHEREFORE, PNC prays as follows:

ANSWER TO AMENDED COMPLAINT
(No. 2:19-cv-01142-JCC) – 5

**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Phone: 415.344.7000
Fax: 415.344.7050

1. That Plaintiffs take nothing from their AC, and the same be dismissed with prejudice;

2. That judgment be entered against Plaintiffs and in favor of PNC;

3. That PNC be awarded their costs of suit;

4. That PNC be awarded attorney fees to the full extent allowed by law; and

5. For such other and further relief as this Court may deem proper.

DATED: November 14, 2019

By: s/ Thomas N. Abbott
Thomas N. Abbott #53024
Attorneys for Defendant
PNC BANK, NATIONAL ASSOCIATION
**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050
Email: TAbbott@perkinscoie.com

ANSWER TO AMENDED COMPLAINT
(No. 2:19-cv-01142-JCC) – 6

**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Phone: 415.344.7000
Fax: 415.344.7050

# CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2019, I electronically filed the foregoing DEFENDANT PNC BANK, NATIONAL ASSOCIATION'S AMENDED ANSWER TO PLAINTIFFS' AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Christina L Henry, WSBA 31273
Jacob D. DeGraaff, WSBA# 36713
HENRY & DEGRAAFF, PS
Counsel for Plaintiffs
787 Maynard Ave S
Seattle, WA 98104
Tel.:   206-330-0595
Fax:   206-400-7609
chenry@hdm-legal.com
jacobd@hdm-legal.com
mainline@hdm-legal.com

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Non ECF ServiceList

s/ *Matthew Walkup*
Matthew Walkup

ANSWER TO AMENDED COMPLAINT
(No. 2:19-cv-01142-JCC) – 7

**Perkins Coie LLP**
505 Howard Street, Suite 1000
San Francisco, CA  94105-3204
Phone: 415.344.7000
Fax: 415.344.7050