Jacob D. DeGraaff, WSBA# 36713
jacobd@hdmlegal.com
Henry & DeGraaff, PS
787 Maynard Ave S
Seattle, WA 98104
Tel: +1-206-330-0595
Fax: +1-206-400-7609

Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| RHETT E. TAYLOR AND LAURIE D. TAYLOR, <br><br> Plaintiffs, <br><br> v. <br><br> PNC BANK, NATIONAL ASSOCIATION, <br><br> Defendant | Case No.: 2:19-cv-01142-JCC <br><br> PLANITIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES <br><br> NOTE ON MOTION CALENDAR: <br> December 13, 2019 |

COMES NOW, Plaintiffs Rhett and Laurie Taylor, ("Taylors"), through counsel, bring a Motion to Strike Affirmative Defenses of PNC Bank, National Association as follows:

## I.   INTRODUCTION

Plaintiffs brought a Complaint to Quiet Title under Wash. Rev. Code 7.28.300 to real property encumbered by a deed of trust securing a loan of at least $152,885.47. In Defendant's Answer, filed in this Court on November 4, 2019, eight (8) alleged affirmative defenses are pled. Because Defendant has failed to provide a factual or legal basis for these defenses, all of them should be stricken under FRCP 12(f).

MOTION TO STRIKE AFFIRMATIVE DEFFENSES - 1

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

By bringing this motion (with leave to amend where appropriate), Plaintiffs are not pursuing form over function. Rather, Plaintiffs simply wish to be apprised of Defendant's defenses, and they seek to limit the future expenditure of resources incurred through discovery.[1]

Plaintiffs respectfully request this Court strike Defendant PNC Bank's affirmative defenses, with leave to amend if Defendant can articulate the bases for their affirmative defenses. To the extent Defendant has asserted facts or defenses which do not constitute "affirmative defenses," Plaintiffs respectfully request these be stricken without leave to amend.

## II.   FACTS

The Plaintiffs are the record owners of the real property located at 6228 165th Pl SW, Lynnwood, WA 98037-2725 ("the Property") Tax Parcel Number: 006183-000-031-00 9. The Plaintiffs borrowed $150,000.00 from National City Bank on a home equity line of credit on March 6, 2007 as evidenced by the Deed of Trust recorded against the Property under Snohomish County No. 200703140732. The loan is now owned by PNC Bank under Loan Number ending in xxxxxx6141 (the "HELOC Loan"). The current balance on the HELOC Loan as of June 11, 2019 is $152,885.47.

On February 11, 2011, the Taylors filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Western District of Washington under Cause No. 11-11481-KAO. 13. The Taylors included all their assets and debts in their bankruptcy filing, including the HELOC Loan at issue in this lawsuit. ON May 23, 2011, the Taylors received a discharge pursuant to 11 U.S.C. 727 from the bankruptcy court and the case closed on May 31, 2011.

Under Washington law, promissory notes and deeds of trust securing such notes are subject to a six-year statute of limitations. Wash. Rev. Code 4.16.040; *Westar Funding v.*

---

[1] Plaintiff would prefer to minimize costs and fees by not having to conduct discovery on matters which should have been properly pleaded and explained by PNC Bank Indeed, as stated below, the Ninth Circuit has acknowledged that the purpose of Rule 12(f) motions is to avoid spending time and money on these types of issues.

MOTION TO STRIKE AFFIRMATIVE
DEFFENSES - 2

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

*Sorrels*, 157 Wash. App. 777, 784, 239 P.3d 1109 (Wash. App. Div. 2, 2010). When an action to foreclose on a deed of trust is barred by the statute of limitations, Wash. Rev. Code 7.28.300 authorizes the record owner to bring a quiet title action to clear the deed of trust. *Westar*, 157 Wash. App at 785.

Defendant asserts eight (8) affirmative defenses in their Answer, which Plaintiffs now move to strike pursuant to Fed. R. Civ. P. 12(f). Dkt #8.

### III.   LAW AND ARGUMENT

**A.   Legal Standard: Fed. R. Civ. P. 12(f) Motions to Strike**

Fed.R.Civ.P. 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted).

Such motions to strike are appropriate where a party has insufficiently pleaded its affirmative defenses such that the Plaintiff is not placed on fair notice of the facts underlying the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (articulating "fair notice" standard); *Manning v. Swedish Med. Ctr.*, 2015 WL 12696168 (W.D. Wash. Sept. 23, 2015).

**B.   Pleading Affirmative Defenses**

Affirmative defenses are not simply placeholders for a potential future defense. By definition, "[a]ffirmative defenses plead matters extraneous to plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D.Cal. 1987). "An affirmative defense may be insufficient as a matter of pleading or as a matter of law." *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 467 (S.D. Cal. 2013). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Id*.

MOTION TO STRIKE AFFIRMATIVE
DEFFENSES - 3

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

1    For example, while a statute-of-limitations defense is a recognized affirmative defense,
2 pleading only that the Plaintiff's claims are "barred by the applicable statute of limitations" is
3 insufficient and is properly stricken under Rule 12(f). *Kohler*, 291 F.R.D. at 470.  Similarly,
4 other assertions or arguments which seek to negate any portion of a plaintiff's claims are
5 properly stricken, for they are, by definition, not affirmative defenses.  *See*, *e.g.*, *Zivkovic v. S.*
6 *California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that
7 plaintiff has not met its burden of proof is not an affirmative defense.").

8  **C.    Improper or Unsupported Affirmative Defenses Should Be Stricken**

9    Courts routinely grant Rule 12(f) motions to strike where a party asserts, as "affirmative
10 defenses," statements which provide no factual basis, no legal basis, or do not otherwise
11 constitute a proper affirmative defense. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d
12 1046, 1049 (N.D.Cal. 2004) (assertion that claims were "barred from recovery in whole or in
13 part by the doctrines of waiver, estoppel, and unclean hands" were insufficient and properly
14 stricken); *Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*, 718 F.Supp.2d 1167,
15 1174 (N.D.Cal. 2010) (striking seventeen (17) affirmative defenses under Rule 12(f)).

16   Again, Rule 12(f) exists to streamline the case and avoid litigating "non-issues," which
17 ultimately benefits all parties by minimizing additional time and money being spent on issues
18 which may be dispensed with early in the case. *See Whittlestone, Inc.*, 618 F.3d at 973.  Here,
19 many of Defendant's "affirmative defenses" are not properly asserted or otherwise have no
20 factual support, and should be stricken or re-pleaded.

21 **D.    Motion to Strike**

22    Defendant now asserts eight (8) affirmative defenses, many of which do not constitute an
23 affirmative defense or are otherwise devoid of any meaningful factual assertions. Dkt #18.
24 Plaintiffs move to strike these "affirmative defenses," with leave to amend where appropriate.

25    An affirmative defense, like any affirmative claim, has elements which must be proven
26 by the party asserting the defense.  An "affirmative defense" like "failure to state a claim" has no

DEFFENSES - 4

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

elements to be affirmatively proven, and thus conducting discovery on such a "defense" would be self-defeating and confusing.  Therefore, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).  Several of Defendant's purported affirmative defenses fail on this basis.

Other affirmative defenses of Defendant fail to pass muster under Fed. R. Civ. P. 8(b), failing to give the requisite "fair notice" to Plaintiffs as to the nature of the supposed defense. Wyshak v. City Nat'l Bank, 607 F.2d at 827 (discussing "fair notice" standard).  This concept was well-articulated by Judge Ware of the Northern District of California:

> [Defendant] eHelp alleges, based on information and belief, that [plaintiff] must be 'barred from recovery in whole or in part' by the doctrines of waiver, estoppel, and unclean hands.  eHelp does not specify what the defense is – whether it is asserting a single type of estoppel or several types of estoppel such as prosecution history estoppel, equitable estoppel, or some other type of estoppel.  As such, eHelp does not provide fair notice of its affirmative defenses…
>
> A reference to a doctrine, like a reference to statutory provisions, is insufficient notice… Furthermore, eHelp's affirmative defenses do not set forth the elements of the defense… Because eHelp simply refers to the doctrines without setting forth the elements of its affirmative defenses, eHelp does not provide "fair notice" of its defenses… eHelp also fails to allege the factual basis for its affirmative defenses.

*Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049-50 (N.D.Cal. 2004) (citations omitted).  A defendant alleging affirmative defenses need not plead with particularity by any means, but it is insufficient to simply refer to a legal doctrine and offer no other facts.[2]

At their core, affirmative defenses plead matters outside of a plaintiffs' claims – defenses which seek to simply negate elements of a plaintiff's claim are not affirmative defenses.

---

[2] Although it does not appear that the Ninth Circuit has reached the issue, many district courts apply the heightened *Iqbal*/*Twombly* standards to any affirmative claim – including affirmative defenses.  *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 928 (N.D. Cal. 2012) ("Most courts have held that the *Iqbal*/*Twombly* pleading standards apply to affirmative defenses, such that they must state a plausible claim for relief."); *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) ("The court can see no reason why the same principles applied to pleading claims should not apply to the pleading of affirmative defenses which are also governed by Rule 8."); *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 WL 1746848, at *4 (N.D. Cal. May 16, 2012) (collecting cases).

MOTION TO STRIKE AFFIRMATIVE
DEFFENSES - 5

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

### 1. "Failure to State Facts Sufficient to Constitute a Cause of Action " (dkt #18 at Page 4 Line 16).

If this is an allegation of "Failure to State a Claim" under 12(b)(6), this is not an affirmative defense that can be asserted in an answer as it must be brought by motion prior to filing an answer.  CR 12(b) ("A motion making any of these defenses shall be made before pleading.")  As there was no such motion, this is not a proper "affirmative defense" and must be stricken.  Quiet Title is a statutory cause of action, all of the elements of which are laid out in the complaint.  This "affirmative defense" is meaningless boilerplate.

### 2. "Failure to Mitigate." (dkt # 18 at Page 4 line 21)

The Plaintiff has not alleged any tort, nor a breach of contract.  The Plaintiff is not seeking monetary damages, only declaratory relief, so there are necessarily no damages to be mitigated.  Also, it is nonsensical to argue that the Plaintiff should have taken action to prevent the statute of limitations from running.

### 3. "No Causation." (dkt #18 at Page 4 line 26)

Plaintiff has not alleged any negligence claims, therefore this affirmative defense is inapplicable and should be stricken.

### 4. "Good Faith."  (dkt #18 at Page 5 line 4)

Once again, this statement is devoid of all context, factual allegations, or anything other than a boilerplate recitation of uncertainty and imprecision.  Quiet Title is an action at law, not equity, so it is unclear how Good Faith can be a proper affirmative defense.

### 5. "No Damages"  (dkt #18 at Page 5 line 10)

The Plaintiff is seeking only declaratory relief in the form of Quiet Title, not damages, so this affirmative defense is inapplicable and should be stricken.

### 6. "Unjust Enrichment." (dkt #18 at page 5 line 14)

The Defendants have alleged no facts which indicate any party has been or would be unjustly enriched by quieting title in Plaintiff's favor.  If this defense were valid, it would render meaningless the statute of limitations imposed by Washington's legislature.

MOTION TO STRIKE AFFIRMATIVE
DEFFENSES - 6

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington  98104
telephone (206) 330-0595
fax (206) 400-7609

**7.     "No Acceleration." (dkt #18 at page 5 line 18)**

This is an allegation that the Plaintiffs' cannot prove that the statute of limitations began to run on the deed of trust at issue.  It is not an affirmative defense, but merely a dispute of fact. As such, it should be stricken as an affirmative defense. *See Schwarz v. Meinberg*, 2016 WL 4011716, at *5 (C.D. Cal. July 15, 2016) ("This allegation seeks to negate liability rather than plead a matter extraneous to Plaintiff's claims. Therefore, this is not an affirmative defense.").

**8.     "Unstated Affirmative Defenses" (dkt #18 at page 5 line 22)**

This is on it's face not an affirmative defense at all, provides no notice to Plaintiff's of possible affirmative defenses, and should be stricken summarily.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that this Court strike all of Defendant's affirmative defenses.

DATED this 25th day of November 2019.

| | |
|---|---|
| */s/ Jacob D. DeGraaff* | */s/ Christina L Henry* |
| Jacob D. DeGraaff, WSBA# 36713 | Christina L Henry, WSBA 31273 |
| HENRY & DEGRAAFF, PS | HENRY & DEGRAAFF, PS |
| Counsel for Plaintiffs | Counsel for Plaintiffs |
| 787 Maynard Ave S | 787 Maynard Ave S |
| Seattle, WA 98104 | Seattle, WA 98104 |
| 206-330-0595 Fax 206-400-7609 | 206-330-0595 Fax 206-400-7609 |
| jacobd@hdm-legal.com | chenry@hdm-legal.com |

MOTION TO STRIKE AFFIRMATIVE DEFFENSES - 7

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2019, I electronically filed the foregoing RESPONSE TO DEFENDANT'S MOTION TO DISMISS COMPLAINT with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Kristine E Kruger     kkruger@perkinscoie.com, docketpor@perkinscoie.com, HW_Asbestos_Sea@perkinscoie.com, kristinekruger@gmail.com

Thomas N Abbott     TAbbott@perkinscoie.com, docketsea@perkinscoie.com, MWalkup@perkinscoie.com

                                                          s/ *Jacob D DeGraaff*
                                                          Jacob D. DeGraaff

MOTION TO STRIKE AFFIRMATIVE DEFFENSES - 8

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609