THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RHETT E. TAYLOR and LAURIE D. TAYLOR,

Plaintiffs,

v.

PNC BANK, NATIONAL ASSOCIATION,

Defendant.

No. 2:19-cv-01142-JCC

DEFENDANT PNC BANK, NATIONAL ASSOCIATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendant PNC Bank, National Association ("PNC" or "Defendant") responds to Plaintiffs Rhett E. Taylor and Laurie D. Taylor's ("Plaintiffs") Motion for Summary Judgment as follows:

## I. INTRODUCTION

Plaintiffs' attempt to get a free unencumbered $150,000 in cash from a home equity loan taken out in 2007 fails because the statute of limitations restarted when Plaintiffs acknowledged their debt after the bankruptcy discharge. Plaintiffs misstate and conceal the straightforward but dispositive facts in their Complaint and Motion because their claims depend entirely on the alleged expiration of the six-year statute of limitations. The law, however, is clear: if a debtor acknowledges his debt in writing, then the statute of limitations restarts from the date of that acknowledgement. The law is equally clear that if the acknowledgement occurs before a limitations period expires then "the resulting legal action must be upon the original debt or upon

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the paper evidencing it."[1] The facts are equally clear: Plaintiffs acknowledged the debt on numerous occasions after they received a discharge in bankruptcy but well before any limitations period expired. As a result, because Plaintiffs acknowledged their debt before the statutory period, the limitations period restarted upon the original debt and Plaintiffs' claim for quiet title must fail.

## II. FACTUAL BACKGROUND

### A. The Loan

On or around March 6, 2007, Plaintiffs borrowed $150,000 from National City Bank evidenced by an Equity Reserve Agreement, which was secured by a Deed of Trust recorded against property located at 6228 165th Place SW, Lynnwood, Washington 98037 ("Subject Property"). *See* Complaint ¶ 9; Exs. A-B; Declaration of Jean Sexton ("Sexton Decl.") ¶ 5, Ex. A-B (the "HELOC Loan").

The Equity Reserve Agreement is an installment note payable in 240 monthly installments. *See* Complaint, Ex. A; Sexton Decl., Ex. A. The maturity date under the Deed of Trust is March 6, 2037. *See* Complaint, Ex. B at 2 § 4.A; Sexton Decl. ¶ 7. Pursuant to the Deed of Trust, in the event of Plaintiffs' default, PNC may accelerate the debt and foreclose in a matter provided by law. Complaint, Ex. B ¶ 9. Additionally, PNC shall be entitled to, without limitation, the power to sell the Subject Property. *Id*. Events of default under the Deed of Trust include fraud, failure to make a payment when due, and action or inaction by the Borrowers that adversely affects the Subject Property or Lender's rights therein. *Id*. at 4 § 8.

On or about November 6, 2009, PNC and National City Bank merged. Sexton Decl. ¶ 8. Since the merger, PNC has been the Lender and Servicer of the HELOC Loan. *Id.*

### B. Plaintiffs' Initial Default on the HELOC Loan

As of October 2, 2009, Plaintiffs were past due on the HELOC Loan in the amount of $1,868.14. Sexton Decl. ¶ 9, Ex. C. On October 20, 2009, Plaintiffs signed a Repayment Program for the purpose of bringing the HELOC Loan current and reducing their monthly payments. *Id*.

---

[1] *In re Tragopan Properties, LLC*, 164 Wash. App. 268, 273-74 (2011).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**C. Plaintiffs' Bankruptcy**

Plaintiffs filed for bankruptcy on February 11, 2011. *See* Complaint ¶ 12. While in bankruptcy, on March 9, 2011, Plaintiff Rhett Taylor sent correspondence to PNC requesting that PNC automatically withdraw monthly payments on the HELOC Loan from his checking account. *See* Sexton Decl. ¶ 10, Ex. D. The Taylors received a discharge in their bankruptcy on May 25, 2011. *See* Complaint ¶ 14, Ex C. The bankruptcy court noted in its discharge order that:

> a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

*Id.*, Ex. C at 2. The last payment prior to the bankruptcy discharge was due on April 30, 2011. (*See* Sexton Decl. ¶ 11, Ex. E.

**D. Plaintiffs' Post-Bankruptcy Payments on the HELOC Loan**

On September 30, 2011, Plaintiffs were informed that their Short-Term Modification Program would be concluding on approximately October 30, 2011. Sexton Decl. ¶ 12, Ex. F. Plaintiffs continued to make monthly payments on the HELOC Loan through December 2011. *See id*. ¶ 13, Ex. G. Plaintiffs tendered a payment by written check on January 31, 2012, but the check was declined for insufficient funds. *Id*. ¶ 14, Ex. F.

On May 23, 2012, Rhett Taylor advised PNC that he was working on a modification for the first lien mortgage loan on the Subject Property. Sexton Decl. ¶ 15, Ex. I. Mr. Taylor acknowledged the HELOC Loan, advised that he would discuss the debt with his wife and then would let PNC know if they would make voluntary payments on their debt. *Id*.

On July 26, 2013, Plaintiffs advised PNC by telephone that there was a foreclosure sale on the Subject Property scheduled for August 2, 2013. Sexton Decl. ¶ 16, Ex. J. Plaintiffs advised that they were working with the lender for their first lien mortgage loan to prevent the foreclosure sale. *Id*. PNC relied on the statement as an indication that Plaintiffs intended to honor the HELOC Loan as well to protect their interest in the Subject Property. *Id.*

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

On May 24, 2018, Ms. Taylor called PNC and advised that the lien on the Subject Property needed to be removed because the debt had been discharged in bankruptcy. Sexton Decl. ¶ 17, Ex. K. PNC advised Ms. Taylor that while the HELOC Loan was discharged in bankruptcy, if there was a balance on the HELOC Loan, the lien would remain. *Id*. Ms. Taylor requested the amount of the balance and was advised that it was $152,865.47. *Id*. She asked if the balance could be negotiated. *Id*.

On May 30, 2018, Ms. Taylor told PNC she wanted to negotiate a settlement on the remaining balance of the HELOC Loan. Sexton Decl. ¶ 18, Ex. L. She requested a settlement packet and PNC referred her to its website to access the settlement packet. *Id*. On June 27, 2018, Ms. Taylor requested that PNC send her the original loan documents. *Id*. ¶ 19, Ex. M.

Only on May 9, 2019 did Ms. Taylor request a lien release from PNC. Sexton Decl. ¶ 20, Ex. N. PNC told Ms. Taylor that while her debt was discharged in bankruptcy the lien would remain until the balance on the HELOC Loan was satisfied. *Id*. In response Ms. Taylor requested a payoff statement. *Id*. She additionally advised that she hired an attorney and intends to dispute the lien in court. *Id*.

### E. Plaintiffs' Complaint to Quiet Title

On July 23, 2019, Plaintiffs filed this action asserting one claim for relief for quiet title. The Complaint is based on the premise that "[m]ore than six years have elapsed since the debt secured by the PNC Bank HELOC Loan was discharged and the right to foreclose on that HELOC Loan commenced," so therefore, "any actions to foreclose the HELOC Loan are now barred under the statute of limitations, and the Plaintiffs are now entitled to quiet title against the PNC Bank HELOC Loan under RCW 7.28.300." Complaint ¶¶ 17-18. Plaintiffs do not disclose that they made payments on the HELOC Loan after the discharge order. *See id.*

## III. SUMMARY JUDGMENT LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Summary judgment is precluded if there is a genuine dispute over a fact that might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of proving that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A material issue of fact is one that affects a lawsuit's outcome and requires a trial to resolve the parties' differing versions of the truth. *Snyder v. Pend Oreille Cnty. Counseling Servs.*, 2008 WL 5205940, at *1 (E.D. Wash. Dec. 12, 2008).

A moving party is only entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson*, 477 U.S. at 247; *Semegen v. Weidner*, 780 F.2d 727, 732 (9th Cir. 1985). Essentially the inquiry is "whether the evidence presents a sufficient disagreement to require submission to [a fact finder] or whether it is so one sided that one party must prevail as a matter of law." *Snyder*, 2008 WL 5205940, at *2 (internal quotation marks and citation omitted). The non-movant's evidence must be believed, and all justifiable inferences are drawn in the non-movant's favor. *Anderson*, 477 U.S. at 255. However difficult summary judgment might be to obtain in the typical case, it is far more difficult in the unique posture here, with the plaintiffs moving from summary judgment, and even more remarkably, before discovery, including plaintiffs' depositions, has been completed.

## IV. ARGUMENT

There are several independent reasons why the Court should deny Plaintiffs' Motion. First, Plaintiffs' acknowledged the debt on numerous occasions within six years of the discharge. Second, the numerous acknowledgements restart the limitations period such that any "legal action must be upon the original debt or upon the paper evidencing it." Third, Plaintiffs are estopped from asserting their claim because PNC reasonably relied on Plaintiffs' post-discharge conduct that acknowledged the debt.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**A. Applicable Legal Standards**

Under Washington law, a promissory note and deed of trust are written contracts that are subject to a six-year statute of limitations. *Cedar W. Owners Ass'n v. Nationstar Mortg., LLC*, 434 P.3d 554, 559 (Wash. Ct. App.), *review denied*, 193 Wash. 2d 1016 (2019). "An action 'can only be commenced' within six years 'after the cause of action has accrued.'" *Id.* (quoting RCW 4.16.005). This limitations period accrues "when the party is entitled to enforce the obligations of the note." *Washington Fed. v. Azure Chelan LLC*, 195 Wash. App. 644, 663 (2016). When the note is payable in installments, the limitations period accrues for each monthly installment from the time it becomes due. *Edmundson v. Bank of Am.*, 194 Wash. App. 920, 929 (2016) (citing *Herzog v. Herzog*, 23 Wash. 2d 382, 388 (1945)).

An order of discharge in bankruptcy covering the loan may significantly affect the forgoing analysis. Specifically, in cases where the borrower "never reaffirmed or made any further payments on the note after their bankruptcy" the statute of limitations runs from "the last installment due before the [] bankruptcy discharge…" *Jarvis v. Fed. Nat'l Mortg. Ass'n*, 726 F. App'x 666, 667 (9th Cir. 2018) (citing *Edmundson v. Bank of Am.*, 194 Wash. App. 920, 931 (2016)). Indeed, even without reaffirmation further payments after bankruptcy or other conduct may restart and restore the limitations period. *Id.*

It is well-established that a debtor restarts the limitations period by acknowledging the debt. *Jewell v. Long*, 74 Wash. App. 854, 856 (1994) ("An acknowledgement or promise within the meaning of RCW 4.16.280 restarts the statute of limitations."). Effective acknowledgement occurs when a debtor: 1) recognizes the existence of a debt in writing; 2) communicates his acknowledgement to the creditor; and 3) does not indicate an intent not to pay. *Fetty v. Wenger*, 110 Wash. App. 598, 602 (2001) (discussing how a deed of trust on real property for a previously incurred debt "constituted an effective acknowledgement because it was in writing, recognized the existence of the debt, was communicated to the creditor, and did not indicate an intent not to pay."); *Jewell* at 857 (same elements).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

"When a writing is made <u>*before the limitations period has expired*</u>, any acknowledgment of the obligation necessarily implies an agreement to pay, unless something in the acknowledgment requires a contrary conclusion." *Fetty*, 110 Wash. App. at 602 (emphasis added) (citing *Griffin v. Lear*, 123 Wash. 191, 200 (1923)). As the Supreme Court of Washington explained in regard to acknowledgments before the limitations period has expired:

> If one in writing acknowledges he owes a debt, the law will presume that he intends to pay it, *unless there is something in the writing which shows a contrary intention*.

*Cannavina v. Poston*, 13 Wash. 2d 182, 195 (1942) (emphasis in original). Additionally, "where the debt is acknowledged before the statutory period, the resulting legal action must be upon the original debt or upon the paper evidencing it. *In re Tragopan Properties, LLC*, 164 Wash. App. 268, 273-74 (2011).

**B. Plaintiffs Acknowledged the Debt Before the Expiration of the Limitations Period**

The undisputed facts show Plaintiffs' acknowledged the debt through a series of post-discharge payments. It is undisputed that the loan was subject to the order of discharge issued on May 25, 2011. Taylor Decl., Ex. C-D (Dkt. 31-3, 31-4); *see also* Sexton Decl. ¶ 11. The Ninth Circuit has held that absent "any further payments on the note after [] bankruptcy" the statute of limitations runs from "the last installment due before the [] bankruptcy discharge…" *Jarvis*, 726 F. App'x at 667. The last payment due before the discharge was due on April 30, 2011. Sexton Decl. ¶ 11, Ex. C. Therefore, <u>*had Plaintiffs done nothing*</u> after the discharge the statute of limitations would have expired as to all installments on April 30, 2017.

However, Plaintiffs submitted payments after the discharge. According to the Taylor Declaration, Plaintiffs made at least five payments after the discharge until October 2011. Taylor Decl. ¶ 6. According to PNC's records, it received eight payments from Plaintiffs through December 2011. Sexton Decl. ¶ 13, Ex. E. PNC's records further show that Plaintiffs tendered a payment by check in January 2012, although it was returned for insufficient funds. *Id.* ¶ 14, Ex. F. Tellingly, Plaintiffs tendered these payments after PNC informed them that the Short-Term

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Modification Program was set to expire. *Id.* ¶ 12, Ex. D. In any case, there is no dispute that Plaintiffs tendered payments after the discharge.

Because Plaintiffs' tendered payments on the loan after their discharge on May 25, 2011 and before the expiration of the limitations period on April 30, 2017, all that is required to establish an acknowledgment—and the restarting of the limitations periods—is "a definite, distinct, and positive recognition or acknowledgment of the existence of the debt … with at least an implied promise to pay it." *Griffin v. Lear*, 123 Wash. 191, 198 (1923); *In re Tragopan Properties, LLC*, 164 Wash. App. at 273. Moreover, Plaintiffs' tender of a check to PNC in January 2012 constitutes an acknowledgement separate and apart from the post-discharge payments in 2011 because that tender "acknowledges [Plaintiffs] owe[] a debt" without "*something in the writing which shows a contrary intention*." *Cannavina*, 13 Wash. 2d at 195 (emphasis in original).

**C. The Acknowledgment Restarted the Limitations Period for the Installment Note**

The timing of the acknowledgment is material here because it determines whether the restarting of the limitations period is based on the original loan or a new commitment. Where, as here, the debt is acknowledged before the statutory period the resulting legal action must be upon the original debt or upon the paper evidencing it. *In re Tragopan Properties, LLC*, 164 Wash. App. at 273-74. Put another way, we must look again to the underlying loan documents to calculate the statute of limitations.

Here, the original debt or paper evidencing it calls for a maturity date of March 6, 2037. *See* Taylor Decl., Ex. A-B; *see also* Sexton Decl. ¶¶ 5-7. Moreover, the loan was an installment agreement. *See* Taylor Decl., Ex. A. Thus, but for the discharge, the statute of limitations would have expired no sooner than six years after March 6, 2037—i.e., March 6, 2043.

For an installment contract such as the loan, "a separate cause of action arises on each installment, and the statute of limitations runs separately against each, except where the creditor has a right to accelerate payments on default and does so." *Cedar W. Owners Ass'n v. Nationstar Mortg., LLC*, 434 P.3d 554, 560 (Wash. Ct. App.), *review denied*, 193 Wash. 2d 1016 (2019); *see*

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*also Silvers v. U.S. Bank Nat. Ass'n*, 2015 WL 5024173, at *4 (W.D. Wash. 2015) (same, citing cases). Thus, where the debt is acknowledged before the expiration of the limitations period and the paper evidencing the loan is an installment contract the limitations period applicable for each installment is restored. Since the last payment due and the maturity date is not until March 2037, PNC's right to enforce the loan *in rem* by nonjudicial foreclosure has not expired.

Put another way, the effect of restarting the limitations period by a post-discharge acknowledgement that occurs prior to the expiration of the statute is that it restores the series of six-year periods corresponding to each installment under the loan. While an acknowledgment does not restore personal liability to Plaintiffs, it does restart the limitations period based on the original debt and paper.

PNC expects Plaintiffs will argue that their acknowledgement serves only to create a single six-year period running from the date of the last acknowledgment and that the single limitations period applies to the entire debt. This argument is strained and unconvincing because it would transmute the original debt and paper from an installment note into a demand note. Washington courts have long recognized the distinction between these two types of notes for purposes of the statute of limitations. *See 4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wash. App. 423, 434 (2016) (citing cases); *Jarvis*, 726 F. App'x at *666-67.

Washington courts have cautioned against straining logic to support a statute of limitations defense. In *Bain v. Wallace*, the Supreme Court of Washington explained:

> While a plea of the statute of limitations is not an unconscionable defense (*Morgan v. Morgan*, 10 Wash. 99, 38 P. 1054), 'courts will not now indulge in any presumptions in its favor' (*Paul v. Kohler & Chase*, 82 Wash. 257, 144 P. 64, 66); and 'the proper rule is that the statute of limitations, although not an unconscionable defense, is not such a meritorious defense that either the law or the fact should be strained in aid of it.'

*Bain v. Wallace*, 167 Wash. 583, 588 (1932). There is no reason to force the round peg of the installment note at issue here into the square hole of a demand note. Here, creating a single limitations period would strain the facts and law in aid of applying the statute to bar a nonjudicial

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

foreclosure. When an acknowledgement occurs before the limitations period expires, as occurred here, "the resulting legal action must be upon the original debt or upon the paper evidencing it…" *In re Tragopan Properties, LLC*, 164 Wash. App. at 273-74.

**D. Equitable Estoppel Defeats Plaintiffs' Reliance on the Statute of Limitations**

In Washington, it is well settled that a party's plea of the statute of limitations may be defeated by the rule of equitable estoppel. *Bain v. Wallace*, 167 Wash. 583, 588 (1932). The Supreme Court has explained that a party cannot "resort to the statute of limitations" where he or she has "concealed facts or otherwise induces" the other party to inaction. *Cent. Heat, Inc. v. Daily Olympian, Inc.*, 74 Wash. 2d 126, 134 (1968) (citing cases); *Grismer v. Merger Mines Corp.*, 43 F. Supp. 990, 994 (E.D. Wash. 1942), decree modified, 137 F.2d 335 (9th Cir. 1943) (same).

Here, even after Plaintiffs stopped making their regular monthly payments on the HELOC Loan they never indicated an intent not to pay. For example, in May 2012, Plaintiff Rhett Taylor discussed the debt on the HELOC Loan in a telephone conversation with a representative from PNC. Sexton Decl. ¶ 15, Ex. G. Over a year later in July 2013, Plaintiffs spoke to representatives at PNC to inform PNC that there was a scheduled foreclosure sale on the Subject Property and that Plaintiffs were working with their first lien lender to prevent the sale. *Id.* ¶ 16, Ex. G. At no point during this time period did Plaintiffs indicate an intent not to pay the obligation. In fact, during this time period, PNC reasonably believed that the lender of the first lien mortgage loan was pursuing an action *in rem* against the Subject Property. *See id.* ¶ 16.

Only in 2018 did Ms. Taylor call PNC and advise that the lien on the Subject Property needed to be removed because the debt had been discharged in bankruptcy. Sexton Decl. ¶ 17, Ex. G. Notably, after being advised that lien remained on the Subject Property, she requested the amount of the balance and stated that she wished to negotiate a settlement on the remaining balance of the HELOC Loan. *Id.* ¶ 18, Ex. G. In 2019, Mrs. Taylor requested a payoff statement. *Id.* ¶ 20. These facts coupled with the numerous acknowledgments in 2011 and 2012 support the conclusion

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

that Plaintiffs are not entitled to quiet title to the property as to PNC's lien. Accordingly, the Court should deny Plaintiffs' Motion.

## V. CONCLUSION

Because Plaintiffs' acknowledgement of the HELOC Loan restarted the statutes of limitations, all of their claims, which necessarily depend on the expiration of the statute of limitations, fail as a matter of law. For the foregoing reasons, PNC respectfully requests that the Court deny Plaintiffs' Motion for Summary Judgment.

DATED: May 1, 2020

By: s/ Kristine E. Kruger
By: s/ Thomas N. Abbott
Kristine E. Kruger #44612
Thomas N. Abbott #53024
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: KKruger@perkinscoie.com
TAbbott@perkinscoie.com

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2020, I electronically filed the foregoing DEFENDANT PNC BANK, NATIONAL ASSOCIATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Christina L Henry, WSBA 31273
Jacob D. DeGraaff, WSBA# 36713
HENRY & DEGRAAFF, PS
Counsel for Plaintiffs
787 Maynard Ave S
Seattle, WA 98104
Tel.: 206-330-0595
Fax: 206-400-7609
chenry@hdm-legal.com
mainline@hdm-legal.com

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Non ECF ServiceList

s/ *Matthew Walkup*
Matthew Walkup

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000