THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RHETT E. TAYLOR and LAURIE D. TAYLOR,<br><br>                    Plaintiffs,<br>     v.<br><br>PNC BANK, NATIONAL ASSOCIATION,<br><br>                    Defendant. | CASE NO. C19-1142-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion for summary judgement (Dkt. No. 30). Having considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

**I.    BACKGROUND**

Plaintiffs are the record owners of real property located at 6228 165th Pl. SW, Lynnwood, WA 98037-2725. (Dkt. No. 1 at 2.) On March 6, 2007, Plaintiffs borrowed $150,000 from National City Bank on a home equity line of credit (the "HELOC loan"). (*Id.*) Plaintiffs executed an equity reserve agreement and a deed of trust that was recorded against the property. (*Id.* at 2–3; *see* Dkt. Nos. 1-3 at 2–7, 1-4 at 2–8.) The equity reserve agreement reflected an "open-end line of credit" whose "total amount will be required to be repaid in two hundred forty (240) equal monthly payments." (Dkt. No. 1-3 at 2, 4.) The deed of trust established a lien

against the property and had a maturity date of March 6, 2037. (Dkt. No. 1-4 at 2–3.) The listed events of default under the deed of trust included fraud, failure to make a timely payment, and Plaintiffs taking any action or inaction adversely affecting the property or Defendant's rights in the property. (*Id.* at 5.) Under the deed of trust, Defendant's remedies for an event of default included acceleration of the debt and foreclosure of the property. (*Id.*) The HELOC loan is currently owned by Defendant and had a balance of $152,885.47 on June 11, 2019. (Dkt. No. 1 at 3.)

On February 11, 2011, Plaintiffs filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Western District of Washington. (*Id.*) Plaintiffs included the HELOC loan under schedule D of their bankruptcy petition. (*See* Dkt. No. 34-1 at 2.) On March 9, 2011, while their bankruptcy proceedings were ongoing, Plaintiffs sent Defendant a letter with the routing numbers for a business account and a copy of a voided check for that account. (*See* Dkt. No. 39-1 at 26.) The letter authorized PNC Bank to automatically charge Plaintiffs' business account $237.57 to service the HELOC loan. (*Id.*) On May 23, 2011, the bankruptcy court granted Plaintiffs a discharge pursuant to 11 U.S.C. § 727. (*See* Dkt. Nos. 1 at 3, 1-5 at 2.)

After discharge, Plaintiffs' business account records indicate that, apart from July 2011, Defendant externally withdrew $237.57 each month from May 18, 2011, to October 18, 2011, and withdrew $247.78 on November 14, 2011. (*See* Dkt. No. 41-1 at 5–30, 34). Defendant's records label these transactions as "PAYMENT." (*Compare id.* at 5–34, *with* Dkt. No. 39-1 at 36–54.) Neither Plaintiffs' nor Defendant's records indicate that Defendant withdrew similar payments from Plaintiff's business account after November 14, 2011. (*See* Dkt. Nos. 39-1 at 57–64, 41-1 at 39–59.)

However, Defendant's records also show that other payments were made at the end of each month from May 2011 to January 2012 matching the "[t]otal minimum payment due" from the preceding month. (*See* Dkt. No. 39-1 at 36–61.) Defendant's records label these payments as

"AUTO-PAY." (*Id.*) Plaintiffs' business accounts do not reflect these payments.[1] (*See generally* Dkt. No. 41-1.)

On May 23, 2012, Plaintiff Rhett Taylor called Defendant to say he would confer with Plaintiff Laurie Taylor about whether they would make a voluntary payment on the HELOC loan and that he would call back the next day. (*See* Dkt. No. 39-1 at 79.) Defendant's records do not show that Mr. Taylor called Defendant back. (*Id.*) On July 26, 2013, Mr. Taylor told Defendant he was working with the lender of Plaintiffs' first lien mortgage loan to prevent a foreclosure sale on the property. (*Id.* at 76.) Defendant interpreted Mr. Taylor to mean that Plaintiffs intended to honor the HELOC loan to protect their interest in the property. (*See* Dkt. No. 39 at 3.)

In May 2018, over the course of several phone calls to Defendant, Mrs. Taylor asked that Defendant's lien on the property be removed pursuant to the bankruptcy discharge and, when Defendant declined, expressed a desire to negotiate a settlement on the HELOC loan. (Dkt. Nos. 39 at 4, 39-1 at 72–73.) In May 2019, Plaintiffs notified Defendant that they intended to legally challenge their obligations under the HELOC loan. (*Id.* at 70.)

On July 23, 2019, Plaintiffs filed their complaint in this action seeking to quiet title to the property. (Dkt. No. 1.) Plaintiffs now move for summary judgment on their quiet title claim. (Dkt. No. 30.) Plaintiffs assert that "even when accounting for any possible tolling due to payments made after the discharge, any actions to foreclos[e] on the Deed of Trust are barred by the statute of limitations." (*Id.* at 1.)

//
//

---

[1] Defendant alleges that on January 31, 2012, Plaintiffs sent Defendant a written check that was declined for insufficient funds. (Dkt. No. 39 at 3.) Defendant's records do not show that Plaintiffs sent Defendant a check in January or that any such check was bounced. (*See generally* Dkt. No. 39-1.) On February 6, 2012, Defendant's records show a transaction labelled "ADJUSTMENT-PAYMENTS" in the same amount as payment on January 31, 2012. (*Id.* at 64.)

## II. DISCUSSION

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In deciding whether there is a genuine dispute of material fact, the court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Id.* at 255. The court is therefore prohibited from weighing the evidence or resolving disputed issues in the moving party's favor. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

"The moving party bears the initial burden of establishing the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). But once the moving party properly supports its motion, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### B. The Statute of Limitations on a Potential Action to Foreclose

Washington law governs the calculation of limitations applicable to a promissory note issued in Washington. *See Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1101 (9th Cir. 2018). Under Washington law, promissory notes and deeds of trust are contracts that are subject to a

six-year statute of limitations. *See* Wash. Rev. Code § 4.16.040(1); *Cedar W. Owners Ass'n v. Nationstar Mortg., LLC*, 434 P.3d 554, 559 (Wash. Ct. App. 2019). The six-year statute of limitations on a deed of trust accrues "when the party is entitled to enforce the obligations of the note." *Wash. Fed., Nat'l Ass'n v. Azure Chelan LLC*, 382 P.3d 20, 30 (Wash. Ct. App. 2016).

When a promissory note and deed of trust are payable in installments, the six-year statute of limitations accrues for each monthly installment from the time it becomes due. *Edmundson v. Bank of Am., N.A.*, 378 P.3d 272, 277 (Wash. Ct. App. 2016) (citing *Herzog v. Herzog*, 161 P.2d 142, 145 (Wash. 1945)). In *Edmundson*, the Washington State Court of Appeals ruled that the final six-year statute of limitations period began to accrue on the last date that the borrowers defaulted on a payment before the borrowers' personal liability was discharged in a bankruptcy proceeding. 378 P.3d at 278. Washington and federal courts have since followed the legal rule announced in *Edmundson*. *See, e.g.*, *Jarvis v. Fed. Nat'l Mortg. Ass'n*, 726 F. App'x 666, 667 (9th Cir. 2018); *U.S. Bank NA v. Kendall*, 2019 WL 2750171, slip op. at 4 (Wash. Ct. App. 2019) (noting that although a deed of trust's lien is not discharged in bankruptcy, the limitations period for an enforcement action nonetheless "accrues and begins to run when the last payment was due" prior to discharge). However, a time-barred action upon an unpaid debt may be revived if the debtor acknowledges the debt in writing. *See* Wash. Rev. Code § 4.16.280; *In re Tragopan Props., LLC*, 263 P.3d 613, 614, 616 (Wash. Ct. App. 2011). If the debtor acknowledges a debt on an installment note, one six-year statutory period begins from the time of acknowledgment. *See Thacker v. Bank of New York Mellon*, 787 Fed.Appx. 474, 475 (9th Cir. 2019), *aff'ing Thacker v. Bank of New York Mellon*, Case No. C18-5562-RJB, Dkt. No. 26 (W.D. Wash. 2019) (holding that a debtor who defaulted on monthly mortgage payments and had his debts discharged in bankruptcy restarted a single statutory period when he acknowledged his debt).

Here, the statute of limitations has run on a potential action to foreclose the property. The Court previously held that "Defendant's ability to enforce the deed of trust began to accrue on the last date an installment payment was due prior to the discharge." (Dkt. No. 13 at 4) (citing

*Edmundson*, 378 P.3d at 278). The parties do not dispute that the last unpaid installment before Plaintiffs' discharge was due on April 30, 2011, or that the statute of limitations for that installment would have expired on April 30, 2017. (*See* Dkt. Nos. 39 at 7, 40 at 1–2.) Instead, Defendant contends that the statute of limitations restarted when Plaintiffs acknowledged the debt on January 31, 2012, by sending Defendants a written check, thereby restarting the statute of limitations.[2] (*See* Dkt. No. 39 at 7–8.) However, Defendant offers no evidence that Plaintiffs sent Defendant a check, and Defendant's records show that Plaintiff's only payment on this date was an automatic withdrawal. And even assuming that Plaintiffs sent Defendant a check and that the check acknowledged the debt, the acknowledgment would restart only a single six-year statute of limitations period.[3] *See Thacker*, 787 Fed.Appx. at 475. Defendant does not contend that Plaintiffs acknowledged their debt again after the payment on January 31, 2012, (*see* Dkt. No. 39 at 7–8), and no events occurred after the payment on January 31 that would toll the statute of limitations, *see Thacker*, Case No. C18-5562-RJB, Dkt. No. 26 at 11 (specifying that the commencement of nonjudicial foreclosure proceedings and bankruptcy petitions are events common to the present facts that toll the statute of limitations under Washington law). Thus, viewing the evidence in the light most favorable to Defendant, the statute of limitations expired on January 31, 2018. Therefore, Defendant is time-barred from pursuing foreclosure against the

---

[2] To the extent that Defendant also argues that Plaintiffs acknowledged the debt when they sent Plaintiffs the letter in March 2011 with routing information for Plaintiffs' bank account, that letter could not have acknowledged the debt because "the debt itself did not exist when the [l]etter was written." *See Hahn v. Strasser*, Case No. C10-0959-RSM, Dkt. No. 36 at 4–5 (W.D. Wash. 2011).

[3] Defendant incorrectly asserts that the six-year statutory period is properly calculated from the HELOC loan's maturity date. Defendant appears to rely on the fact that its prospective action would be "upon the original debt or upon the paper evidencing it." (Dkt. No. 39 at 1–2, 8) (citing *In re Tragopan*, 263 P.3d at 616; *Griffin v. Lear*, 212 P. 271, 274 (Wash. 1923)). However, in *Griffin v. Lear*, 212 P. 271 (Wash. 1923), the Washington Supreme Court specified only that a prospective cause of action would arise from the original debt. *Id.* at 274. *Griffin* did not hold that any renewed statute of limitations is calculated from the date of maturity as originally envisioned by the loan. *See generally id.*; *see also Thacker*, Case No. C18-5562-RJB, Dkt. No. 26 at 2–3, 12–13.

property.

C. **Equitable Estoppel**

In its response, Defendant claims that Plaintiffs should be estopped from asserting that the statute of limitations has passed because Plaintiffs unfairly induced Defendant to believe that they would repay their obligations on the HELOC loan. (*See* Dkt. No. 39 at 10–11.)

Equitable estoppel claims in Washington courts are governed by Washington law. *See Gibbs v. Farley*, 723 Fed. App'x. 458, 458 (9th Cir. 2018). Estoppel operates to prohibit a party from raising a statute of limitations defense when (1) the party has made fraudulent or inequitable statements or actions, (2) the other party has reasonably relied on such statements or actions, and (3) the other party has been subsequently induced to delay commencing suit until the applicable statute of limitations expired. *Peterson v. Groves*, 44 P.3d 894, 896 (Wash. Ct. App. 2002) (citing *Robinson v. City of Seattle*, 830 P.3d 318, 345 (Wash. 1992)); *see Covington 18 Partners, LLC v. Attu, LLC*, Case No. C19-0253-BJR, Dkt. No. 50 at 21 (W.D. Wash. 2019). However, a court will enforce the statute of limitations if one party ceased hindering the other from suing or inducing the other not to sue well before the statute of limitations expired. *Cent. Heat, Inc. v. Daily Olympian, Inc.*, 443 P.2d 544, 549 (Wash. 1968). Since equitable estoppel is disfavored by courts, the party seeking estoppel must establish it by "clear, cogent, and convincing evidence." *Covington*, Case No. C19-0253-BJR, Dkt No. 50 at 21 (citing *Shelcon Const. Group, LLC v. Haymond*, 351 P.3d 895, 902 (Wash. Ct. App. 2015)).

Here, Defendant has not established the elements of equitable estoppel. Defendant does not claim it relied on an affirmative statement or action by Plaintiffs to repay the debt after the payment on January 31, 2012. (*See* Dkt. No. 39 at 10–11.) Instead, Defendant alleges it relied on its own belief that Plaintiffs "never indicated an intent not to pay" the debt during phone calls in May of 2012 and July of 2013. (*Id.* at 10.) Even assuming that Plaintiffs' phone calls in May of 2012 and July of 2013 induced Defendant not to sue, Defendant still had "ample time thereinafter" to commence an action: Plaintiffs' last phone call was in 2013 and the statute of

limitations expired, at latest, in January 2018.[4] *Olympian*, 443 P.2d at 549; *see supra* Section II.B. Similarly, Defendant's reliance on its belief that another lender was pursuing an *in rem* action against the property does not excuse Defendant's failure to act before the statute of limitations expired in January 2018. (*See* Dkt. No. 39 at 10.) Therefore, Defendant's delay in bringing an action against Plaintiffs was unreasonable.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgement (Dkt. No. 30) is GRANTED. Plaintiffs Rhett E. Taylor and Laurie D. Taylor are declared to be the record owners of the property located at 6228 165th Pl SW, Lynnwood, WA 98037-2725, identified as Tax Parcel No. 006183-000-031-00, and legally described as follows:

> Lot 31, Wren Glen No. 2, as per plat recorded in volume 21 of plats, page 110, records of Snohomish County, Washington.
> Situate in the County of Snohomish, State of Washington,

and the Deed of Trust recorded on March 14, 2007, under Snohomish County Recorder's No. 200703140732 on the property is time-barred under Wash. Rev. Code § 7.28.300 and hereby QUIETED.

DATED this 31st day of July 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[4] Defendant's reliance on Plaintiffs' communications with it in May 2018 is unavailing because those communications occurred after the statute of limitations had run. *See supra* Section II.B.; (Dkt. No. 39 at 10).