THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RHETT TAYLOR and LAURIE TAYLOR, | CASE NO. C19-1142-JCC |
| Plaintiffs, | ORDER |
| v. | |
| PNC BANK, NATIONAL ASSOCIATION, | |
| Defendant. | |

This matter comes before the Court on Plaintiffs' motion for attorney fees (Dkt. No. 46). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiffs' motion in part for the reasons explained herein.

I. BACKGROUND

Plaintiffs previously brought a quiet title claim against Defendant, the owner of their home equity line of credit, which was secured by a deed of trust. (Dkt. No. 16.) The Court granted summary judgment to Plaintiffs in this quiet title action based on the Court's holding that Defendant's efforts to enforce the deed of trust were time-barred. (Dkt. No. 44 at 5–6.) Plaintiffs now move for attorney fees and costs in this matter. (Dkt. No. 46.) The Court has set forth the facts of this case in prior orders and will not repeat them here. (*See* Dkt. Nos. 13, 44.)

//

## II. DISCUSSION

### A. Motion for Attorney Fees

In general, parties bear their own attorney fees. *See* Fed. R. Civ. P. 54(d)(2); *MRO Commc'ns., Inc. v. AT&T Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999). However, Washington law provides that when an action is brought on a contract that contains a unilateral attorney fee provision, the fee provision becomes bilateral. Wash. Rev. Code § 4.84.330. "The statute ensures that no party will be deterred from bringing an action on a contract or lease for fear of triggering a one-sided fee provision. It does so by expressly awarding fees to the prevailing party in a contract action." *Wachovia SBA Lending, Inc. v. Kraft*, 200 P.3d 683, 686–87 (Wash. 2009). The prevailing party is the one "in whose favor final judgment is entered." Wash. Rev. Code § 4.84.330. For this provision to apply, it is essential that the court find the action was brought "on a contract." *Hemenway v. Miller*, 807 P.2d 863, 873 (Wash. 1991).

To determine whether an action was brought "on a contract," courts in Washington ask whether "the contract containing the attorney fee provision [wa]s central to the controversy." *Id*. A proceeding on the enforceability of a deed of trust is an action on a contract. *Bingham v. Lechner*, 45 P.3d 562, 569 (Wash. App. 2002). There is no dispute that the deed of trust in this case contained a unilateral attorney fee provision. (*See* Dkt. No. 48-3 at 5; *see generally* Dkt. No. 55.) At issue is whether Plaintiffs' quiet title action was brought "on a contract." *Hemenway* 807 P.2d at 873.

Plaintiffs argue that the "*central issue* of this case was the enforceability of Defendant's deed of trust." (Dkt. No. 46 at 4 (emphasis added).) Defendants argue otherwise, asserting the deed of trust "provided the background for [Plaintiffs'] claim but nothing in the document affected the outcome." (Dkt. No. 55.) Plaintiffs have the better argument, particularly in light of this Court's decision in *Hernandez v. Franklin Credit Mgmt. Corp.*, 2020 WL 583814, slip op. (W.D. Wash. 2020). That case, like this one, dealt with the enforcement of an otherwise time-barred deed of trust. *Id.* at 1. For the same reasons that the Court found in *Hernandez* that the

1  plaintiff's claims were brought on a contract, the Court finds in this instance that Plaintiffs'
2  claims are brought on a contract. *See id.* at 1–2.
3        Plaintiffs' motion for attorney fees and costs (Dkt. No. 46) is hereby GRANTED.

### B.    Calculation of Reasonable Fees

Plaintiffs seek $31,845 in attorney fees and $525 in costs. (Dkt. No. 57 at 7.) Defendant challenges those fees, alleging that Plaintiffs' counsel spent (a) excessive time responding to Defendant's motion to dismiss, (b) unnecessary time filing and defending a meritless motion to strike Defendant's affirmative defenses, and (c) an unreasonable amount of time on discovery. (*See generally* Dkt. No. 55 at 4–8.) A district court employs a two-step process to calculate a reasonable fee award. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court calculates the lodestar figure, which represents the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the court determines whether to increase or reduce that figure based on several factors that are not subsumed in the lodestar calculation. *See Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016); *see also Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

To determine a reasonable billing rate, the court generally looks to "the forum in which the district court sits." *Camacho v. Bridgeport Fin.*, *Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The presumptive reasonable hourly rate for an attorney is the rate the attorney charges. *Broyles v. Thurston Cty.*, 195 P.3d 985, 1004 (Wash. Ct. App. 2008). "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. There is a "strong presumption" that the lodestar figure represents the reasonable fee award. *Dague*, 505 U.S. at 562.

Counsels' hourly rates are in line with similarly-situated attorneys; the Court finds them

to be reasonable. *See Camacho*, 523 F.3d at 979; *Broyles*, 195 P.3d at 1004. As to the time spent responding to Defendant's motion to dismiss, the Court agrees that, given the nature of Plaintiffs' briefing, 20.6 hours was excessive. The Court will exclude 10.3 hours or $3,605 in fees. Regarding the time spent on Plaintiffs' motion to strike, the Court finds Plaintiffs' actions were reasonable, even if unsuccessful. *See People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1314 (7th Cir. 1996) (The success or failure of a plaintiff's actions is not controlling; rather, the controlling consideration is whether those actions were reasonable). Finally, with respect to the time spent on discovery, the Court does not view the six[1] hours spent on discovery as excessive even though the case ultimately turned on a question of law, given the circumstances of this case.

The factors set forth in *Kerr* to evaluate the reasonableness of requested fees are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

526 F.2d at 70. None of the factors suggest a further adjustment is necessary in this instance.

Having thoroughly reviewed the time entries set forth in Plaintiffs' declaration (Dkt. No. 48-1), along with the additional time spent in replying to Defendant's opposition to Plaintiffs' motion (Dkt. No. 57 at 6), the Court finds that 79.7[2] hours constitutes reasonable time for Plaintiffs' counsel to have worked on this proceeding. The Court similarly finds the resulting

---

[1] Six hours is the amount of time spent *after* subtracting 2.5 hours incurred on March 29, 2020, which Plaintiffs have conceded was excessive. (Dkt. Nos. 48-1 at 5, 57 at 5.)

[2] This figure is derived as follows: 87.2 hours (Dkt. No. 48-1 at 7), plus 5.3 hours (Dkt. No. 57 at 6), less 2.5 hours (*id.* at 5), and less 10.3 hours described above as excessive.

attorney fees of $28,240[3] and $525 in costs to be reasonable.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for attorney fees (Dkt. No. 46) is GRANTED in part. Defendant is ORDERED to pay Plaintiffs' attorney fees of $28,240 and costs of $525.

DATED this 15th day of October 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] This figure is derived as follows: $30,795 (Dkt. No. 48-1 at 7), plus $1,987.50 (Dkt. No. 57 at 6), less $937.50 (*id.* at 5), and less $3,605 described above as excessive.

ORDER
C19-1142-JCC
PAGE - 5